**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SONNIE SINGLETARY,

      Plaintiff,

vs.                                      Case No. 3:08-cv-937-J-32HTS

THE HASKELL COMPANY,

      Defendant.

_____

<u>**ORDER**</u>[1]

This case is before the Court on Defendant The Haskell Company's Motion to Dismiss Third Amended Complaint (Doc. 15). Plaintiff, who is proceeding <u>pro se</u>, failed to timely respond to this Motion. Therefore, on May 19, 2009, the Court entered an Order giving plaintiff an opportunity to file a written response to the Motion to Dismiss by June 19, 2009, and cautioning plaintiff that failure to respond by that deadline would likely result in the dismissal of the case. On June 9, 2009, plaintiff did file a "Response" to the Motion to Dismiss which simply states that "all allegations of third amended complaint remain[ ] as is" (Doc. 20).

Befitting his <u>pro se</u> status, the Court has previously been lenient with plaintiff, giving him several chances to file a proper complaint and even allowing plaintiff to supplement his pleadings after the Magistrate Judge recommended dismissal of the case (Doc. 7).

_____

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

However, the Court must be fair to both sides and now must consider the defendant's Motion to Dismiss on its merits.

Plaintiff, an African American, was employed by defendant as a truck driver. He was thereafter discharged by defendant, leading to this lawsuit. Every time he has amended his complaint, plaintiff has attempted to plead new causes of action and has also sought astronomical damages. On February 11, 2009, the Court entered an Order permitting plaintiff to file his third amended complaint but directed that it must "contain only his Title VII claims arising out of the charges of discrimination that plaintiff brought before the EEOC" (Doc. 12). Disregarding this clear instruction, plaintiff's third amended complaint is in three counts. Count One, alleging racial discrimination, is brought pursuant to the Fourteenth Amendment of the Constitution. However, no cause of action can be brought pursuant to the Fourteenth Amendment. Moreover, the Court has already eliminated plaintiff's § 1983 claims because plaintiff cannot bring constitutional claims against a private employer. Thus, Count One is due to be dismissed.[2]

Counts Two and Three of the Third Amended Complaint are also due to be dismissed because they seek to allege matters which are well beyond those filed with the EEOC. In Count Two of the Third Amended Complaint, Singletary now alleges unlawful employment practices by Haskell "in connection with the selection or referral of applicants or candidates for employment or promotion" and in its testing procedures. In Count Three of the Third

_____

[2]The Court has considered whether it could liberally construe Count One as a Title VII claim but concludes that it may not. Plaintiff does reference "42 U.S.C. § 2000c et seq." in his Count One heading but that reference makes no sense.

2

Amended Complaint, Singletary attempts to allege that Haskell "failed to promote [him] to the classification of truck driver because of his race." Both of these counts are unconnected to the EEOC charge of discrimination which relates solely to Singletary's allegation that he was terminated for failing to take a blood alcohol test following a truck accident when another similarly situated white truck driver was not required to do so. These counts are simply not encompassed nor reasonably related to the allegations contained in the EEOC charge and are therefore not cognizable. See e.g., Chandra v. Engelhard/ICC, 234 F.3d 1219, 1225 (11th Cir. 2000) (barring Title VII claim as beyond scope of any reasonable investigation into EEOC charge); Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination").

Looking at the totality of Singletary's pleadings, and even taking into account his pro se status, plaintiff's causes of action are "shifting sands." Despite being given as much help as the Court is allowed to give, plaintiff has simply not alleged any valid cause of action. And, because plaintiff is now on his Third Amended Complaint and has failed to adhere to the Court's directions that he assert only a Title VII claim arising directly from the EEOC charge, plaintiff's Third Amended Complaint is due to be dismissed with prejudice. It is therefore hereby

**ORDERED**:

1.    Defendant's Motion to Dismiss Third Amended Complaint (Doc. 15) is **GRANTED**.  Plaintiff's Third Amended Complaint is **dismissed with prejudice**.

2.    The Clerk shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this  21st  day of August, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

s/md.
Copies to:
Counsel of Record
pro se plaintiff

4